**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109615

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL DEPAULIS,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH CARROAD LEVY & WAN, P.C.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

PAUL DEPAULIS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against SMITH CARROAD LEVY & WAN, P.C. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Commack, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### FIRST COUNT
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

21. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

22. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

23. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

24. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

25. Defendant's letter fails to identify by name and label any "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed."

26. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

27. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

28. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

29. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

33. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

34. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

35. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

36. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

37. The least sophisticated consumer would likely be deceived by Defendant's conduct.

38. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

39. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e(3)
### False or Misleading Representations

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

42. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

43. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

44. Defendant's letter is on law office letterhead.

45. Defendant, as attorneys, have not had any meaningful involvement in the day-to-day collection of Plaintiff's alleged debt.

46. Defendant's letter would mislead the least sophisticated consumer into believing that its letter is from an attorney.

47. Defendant letter would mislead the least sophisticated consumer into believing that there is meaningful attorney involvement in the collection of the debt.

48. Defendant's letter contains no disclaimer concerning the Defendant's lack of meaningful attorney involvement in the collection of Plaintiff's alleged debt.

49. The least sophisticated consumer would likely be deceived by Defendant's conduct.

50. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

51. The least sophisticated consumer would likely be deceived into believing that the communication was from an attorney.

52. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

53. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e(10)**
**False or Misleading Representations**

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

56. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

57. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

58. The least sophisticated consumer would likely be deceived by Defendant's conduct as described herein.

59. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct as described herein.

60. Defendant has violated § 1692e(10) by using a false, deceptive and misleading representation in its attempt to collect a debt, as described herein.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

63. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendant maintains a website at http://smithcarroad.com/.

65. Defendant's website provides a payment portal, at http://smithcarroad.com/payment-options.php, for consumers to make payments online.

66. Defendant's payment portal sets forth that Defendant charges a processing fee of $2.00 for payments made.

67. Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law

68. Such processing fee is prohibited by 15 U.S.C. § 1692f(1).

69. Defendant has violated 15 U.S.C. § 1692f by charging a processing fee.

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Fee

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

72. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

73. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

74. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

75. The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

76. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

77. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 21, 2015

                                       **BARSHAY SANDERS, PLLC**

                                       By:  /s/ Craig B. Sanders  
                                       BARSHAY SANDERS, PLLC  
                                       100 Garden City Plaza, Suite 500  
                                       Garden City, New York 11530  
                                       Tel: (516) 203-7600  
                                       Fax: (516) 706-5055  
                                       csanders@barshaysanders.com  
                                       *Attorneys for Plaintiff*  
                                       Our File No.: 109615